# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

FILED
2016 JAN -7 A 11: 45
U.S. DISTRICT COURT
N.D. OF ALABAMA

Inmate Identification Number: 32086

Marlon A. Manson
Enter above the full name of the plaintiff
in this action)

NOTICE TO FILING PARTY

*It is your responsibility to notify the clerk in writing of any address change.*

*Failure to notify the clerk may result in dismissal of your case without further notice.*

vs.

Judge James H. Roberts,
Dist. Attorn. Logan Flowers,
Jail Admin. Eric Bailey, &
Attorn: Gary Blume, Nettie Blume
Enter above full name(s) of the defendant(s)
in this action)

CV-16-AR-0032-W

Previous lawsuits

A. Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes ( ✓ )       No (   )

B. If the answer to (A) is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

   Plaintiff: Marlon A. Manson

   Defendant(s): Danny Turner, Josh Hardeman, Kevin Turley, & A.J. Benefield

2

2. Court (if Federal Court, name the district; if State Court, name the county) U.S. Dist. Court, Northern Dist. of Alabama

3. Docket number CV-14-P-1473-E

4. Name of judge to whom case was assigned Hon. R. David Proctor & Hon. T. Michael Putnam (Magistrate Judge)

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) pending

6. Approximate date of filing lawsuit 7/29/2014

7. Approximate date of disposition pending

II. Place of present confinement Tuscaloosa County Jail

A. Is there a prisoner grievance procedure in this institution?
Yes (✓)    No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?   Yes (✓)    No ( )

C. If your answer is YES:

1. What steps did you take? Filed request, filed greivance, appeal greivance, complained to staff & court system.

2. What was the result? No reply.

D. If your answer is NO, explain why not: N/A

III. Parties.

In item (A) below, place your name in the first blank and place your present address in the second blank.

A. Name of Plaintiff(s) Marlon A. Manson

Address 1600-26th Avenue, Tuscaloosa, Al. 35401

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) for the names, positions, and places of employment of any additional defendants.

B. Defendant Judge James H. Roberts

Is employed as Circuit Court Judge

at Tusc. Co. Courthouse (714 Greensboro Ave. Tusc. Al. 35401

C. Additional Defendants District Attorn. Logan Flowers, Attorney(s); Gary Blume & Nettie Cohen Blume, & Chief Jail Administrator Eric Bailey.

IV. Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. <u>Do not give any legal arguments or cite any cases or statues.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

Cont'd on Additional Pages.

(1)

- I was arrested in Cleburne County, Al. (Cleb.Co.,Al.) pursuant to an illegal search & seizure on 4/23/14. My bond was set at $30,000 & a probation hold was placed on me from Tuscaloosa County, Al. (Tusc.Co.,Al.).
- On 12/29/14, I began writing Tusc.,Al. attorney Gary Blume (Mr.Blume) requesting information on serving the remainder of my suspended sentence in Tusc.,Al. to avoid languishing in jail without being duly found guilty. Mr.Blume did not respond.
- Subsequently, I again wrote Mr.Blume requesting counseling on pleading guilty at (72) hour Initial Appearance if I were to make bond & transported to Tusc.Co.Jail. I stated I would not bond out until legally counseled.
- On 3/14/15, Mr.Blume responded stating its Tusc. Circuit Judge Robert's practice to delay action on Probation/Revocation matters until the new charges in Cleb.Co. Court are resolved.
- I then filed a pro se motion for bond reduction & after approximately (1) year incarcerated in Cleb.Co. I attended a bond hearing on 4/2/15 at the Cleb.Co.Courthouse.
- At that hearing Cleb.Co. court appointed attorney William Clay advised me that he had spoken to Mr.Blume in regards to my pending cases. I complained of my expectation of confidentiality.

- My bond was lowered from 530,000 to 137,000 $.
- Approximately 4/29/15, I made bond in Cleb. Co, Al. & was immediately transported to the Tuscaloosa County Jail (Tusc. Co. Jail).
- In approximately (5) days I was transported to Tuscaloosa County Court (Tusc. Co. Court) via video screen for (72) hour Initial Appearance.
- Judge Roberts immediately informed me my attorney Mr. Blume would not be present. Instead an unknown & unseen person alleged to be attorney Nettie Cohen Blume (Mrs. Blume) would represent me.
- I was instructed to pick up a phone for a short consultation with Mrs. Blume.
- I explained to Mrs. Blume that I expected to be released due to Mr. Blume's correspondence. Mrs. Blume advised me that may not be possible.
- A verbal argument ensued in which I explained the violations to my Due Process right to a speedy trial, expiration of statute of limitations, & the excessive bond I was experiencing in Cleb. Co. I asked that she state this as grounds for my release.
- Mrs. Blume argued with me that Mr. Blume's letter was not a guarantee.
- I argued that I explained to Mr. Blume via letter my plan for Initial Appearance. I attempted to explain to Mrs. Blume my decision to plea

- guilty if not released.
- Mrs. Blume abandoned the phone after approximately (30) seconds & horrendously misconstrued my argument to the court.
- Judge Roberts immediately denied bond pending probation revocation hearing (probation/revocation) verbally set for 6/24/15.
- I immediately began corresponding to Mr. Blume about him not being present at court & his representative's misinterpretation at Initial Appearance. I also proceeded to request assistance of counseling in composing a defense for probation revocation. Specifically preparing evidence & or witnesses in my favor. I also request his assistance in delivering more documentary evidence at the Tusc. Co. Jail due to the policies regarding "xeroxed" & or material derived from the internet not being allowed through mail correspondence. Mr. Blume did not respond.
- Approximately the first week of May 2015 mail containing documentary evidence addressed to me at the Tusc. Co. Jail was returned to sender without me being notified.
- On 5/15/15, I filed an Inmate Grievance requesting they allow documentary evidence to be allowed via the facilities correspondence system.
- On 5/26/15, I again corresponded with Mr. Blume requesting acceleration in the

scheduling of probation/revocation & disclosure of state evidence. I also complained of the denial of evidence via mail at the Tusc.Co.Jail. Mr. Blume did not reply.

- Due to the denial of representation by Mr. Blume after arrival in Tusc.Co., I assumed Mrs. Blume was my court appointed attorney.
- I wrote Mrs. Blume in requesting assistance of counsel concerning evidence. I asked that she assist me on obtaining & entering evidence for my defense as well as disclosure of any evidence intended to be used by the state. Mrs. Blume also refused to respond.
- Due to the denial of effective counsel & no court date in the forseeable future, I began filing motions pro se to Tusc.Circuit Court.
- On 5/26/15, I filed a motion to accelerate the scheduling of probation/revocation under Rule (27) of the Alabama Rules of Criminal Procedure (A.R.Crim.P). No reply was received.
- On 7/1/15, I filed a pro se motion to re-instate a probation bond due to accrual of time served with no relief & hinderance of the preperation of my defense. No reply was received.
- On 7/17/15, I again reached out to jail administration in regards to the illegal policies implemented at the Tusc.Co.Jail. by

filing an Inmate Grievance directly to the Chief Jail Administrator - Eric Bailey. I requested to have mailed cleared containing documents intended to be used as exculpatory evidence in court. No reply was received.
- On 7/19/15, I again reached out to Mr. Blume requesting assistance of counsel due to languishing in jail with no relief.
- On 7/22/15, Mr. Blume responded with a letter. He stated no court date had been set. He only advised me of the rules of prosecution, negating to advise me in regards to preparing a defense.
- On 7/29/15, I filed a pro se motion to appeal or reconsider the previous motion for the acceleration in the scheduling of probation/revocation.
- On 7/30/15, I again wrote Mr. Blume with concerns of defending myself & the time being served without being duly found guilty in court. I stated I intended to file a Petition for the Writ of Habeas Corpus due to the lack of relief.
- On 7/30/15, I received a court order from Judge Roberts setting probation/revocation for 9/29/15 @ 9:00 am. Request for bond was also denied pending revocation hearing.

- On 8/12/15, I filed an Inmate Greivance to Jail Administration appealing my previous request for mail containing documentary evidence, being allowed to enter the Tusc. Co. Jail. No reply was received.
- On 8/26/15, I received a court order from Judge Roberts denying acceleration in the scheduling of probation/revocation.
- On 9/18/15, Mr. Blume visited me at the Tusc. Co. Jail for approximately (30) minutes. I asked if witnesses from Cleb. Co. had been secured by the prosecutor to testify against me. Mr. Blume stated that he did not know. I complained that this further hindered me from preparing evidence in my defense. He stated Hearsay evidence could be used against me & then provided an arrest report from Cleb. Co., Al. as evidence.

   I described the illegal search & seizure during my arrest & the violations to my right to Due Process of Law experienced in Cleb. Co., Al. Mr. Blume informed me evidence obtained illegally was inadmissible under egregious circumstances. Mr. Blume stated that he believed it would be in my best interest to testify at that hearing. I declined. I informed Mr. Blume I had documentary evidence establishing illegal & egregious circumstances.

Mr. Blume advised me that he didn't believe my evidence would be necessary.

I questioned Mr. Blume about not being present at my Initial Appearance & Mrs. Blume failure to convey my wishes to the court. Thus violating rule 2.7 of the A.R.Crim.P. (right to enter admission at Initial Appearance) causing me to languish in jail without earning good time, prolonging my incarceration without me duly being found guilty. Mr. Blume declined to comment.

I also questioned Mr. Blume in concern to sharing information with Cleb. Co. court appointed attorney William Clay. Mr. Blume stated he had spoken to several different court officials in Cleb. Co., Al. He failed to state who or how it was beneficial to my defense.

On 9/20/15, I wrote Mr. Blume in concern to our recent visit. I informed him that I had decided to present evidence at probation/revocation despite his advice not to. I enclosed evidence in the form of the Initial Disclosure provided by the arresting officer in U.S. District Court civil complaint # CV-14-P-1473-E (Exhibit #1 Defendant Danny Turner written affidavit, & Exhibit #2 Heflin K-9 Unit Certification). I also provided K-9 Certification Association Rules, Cleb. Co. correspondent journals,

& my personal composed interrogatory. I also asked Mr. Blume to return my original copies. The jail does not provide a copying center & if sent to residential sources it will not be allowed into the jail via mail.

I also requested protection from evidence obtained illegally. Furthermore, I asked Mr. Blume to object to all parties from speaking to me off record "for any reason" during that hearing. I asked to request an appeal & enter grounds immediately if necessary. I informed Mr. Blume that I would file civil suit if my rights & privileges were violated at that hearing.

- On 9/23/15, I wrote Mr. Blume objecting to the use of the arrest report he provided at probation/revocation hearing for several grounds. I stated that Mr. Blume was failing to assist me in securing additional witnesses to testify at that hearing.
- On 9/28/15, I received a court order from Judge Roberts resetting probation/revocation hearing to 10/29/15 @ 2:30pm.
- On 10/21/15, I received a correspondence from Mr. Blume stating despite his objection Judge Roberts granted the District Attorney's request to reset probation/revocation to 12/2/15 @ 3:00pm.

- On 10/26/15, I wrote Mr. Blume requesting that he copy & return the documents I previously provided him on 9/20/15 immediately.
- On 10/29/15, I filed a state Petition for Writ of Habeas Corpus challenging my incarceration of (19) months without being indicted or duly found guilty in a court of law. I also included a Declaration in Support of Request to Proceed Informa Pauperis.
- On 12/2/15, I was transported to the Tusc. Co. Courthouse for probation/revocation.
- Upon entering the courtroom I noticed Danny Turner & District Attorney Logan Flowers. Mr. Blume entered the courtroom & called me to the back for a private lawyer-client consultation.
- He informed me had "prepared a defense of D.W.B, Driving-While-Black" & began to describe to me my experience of being racially profiled on 4/23/14. I immediately interrupted Mr. Blume & ask that he present my prepared defense of "a pretextual traffic stop followed by the illegal seizure & search of me & my property due to improper agents, etc.;" I also request he support his argument with the evidence I provided as well as case law in which I did not have access to.

I asked Mr. Blume did he bring that evidence with him to the hearing & he stated he did have it. I ask that he also ask the questions I prepared at some point during that hearing. Mr. Blume asked me if I would be willing to testify, I declined. He stated that if I did, my testimony could be used against me at a subsequent hearing in Cleb. Co.

- Mr. Blume & I entered the court room. The Stenographer, Judge Roberts, (2) Court Secretaries, & my family entered the court as well.
- Logan Flowers & Gary Blume both examined & then cross-examined witness Danny Turner.
- In Mr. Blume's closing argument he asked me on record would I like to testify on my own behalf. Again I declined.
- Mr. Blume never presented evidence or ask the questions I provided.
- Judge asked if the defense rest. Mr. Blume in return asked me if I was content with his defense.
- I replied no & requested he question the witness in concern to the validity of the K-9 unit. I also requested that he present the supporting evidence.
- Strangely, Despite my request, Mr. Blume informed Judge Roberts that he had concluded his argument.

(14)

- I immediately begin waving my hands to Judge Roberts signaling a violation to my right to representation was occurring.
- An agitated Mr. Blume acted as if he misunderstood my first request to question the impropriety of the K-9 unit & to present supporting evidence.
- Mr. Blume then asked a few vague questions in the "area" of the K-9 search & not the impropriety of the agents.
- Mr. Blume again concluded his argument.
- Heflin Police Officer Danny Turner was then dismissed as a witness.
- District Attorney Logan Flowers requested that despite the illegal search & seizure possibility & extended incarceration period that probation be violated & the remainder of my sentence be served in the Alabama D.O.C. (Department of Corrections).
- Judge Roberts entered a ruling violating my probation to serve the remainder of my sentence in the Alabama Department of Corrections. Stating despite the obvious illegal search & seizure violations, I failed to meet the egregious circumstances standard necessary in probation/revocation.
- Judge Roberts then immediately leaves the bench.

- I inform Judge Roberts of my intentions to request an appeal of probation/revocation.
- Judge Roberts returned to the bench & after my request granted me an appeal hearing.
- Mr. Blume then requested I be allowed to proceed, Informa Pauperis, stating that I was indigent at the time.
- Judge Roberts also granted request to proceed Informa Pauperis.
- I then request an appeal bond pending the appeal of probation/revocation hearing.
- Judge Roberts asked if Mr. Blume would be continuing as my lawyer at appeal hearing.
- Mr. Blume then hand signal to the stenographer to pause the record despite my previous request not to be spoken to off record by any party after the commencement of the hearing.
- Mr. Blume privately asked me did I want him to continue as my attorney through-out the appeal process.
- I in return ask Mr. Blume if I had the right to enter evidence & or witnesses at probation/revocation hearing.
- Mr. Blume stated that I did have the right to enter evidence & or witnesses at probation/revocation.
- I then insisted Mr. Blume present my

- evidence to the court.
- Mr. Blume stated that I would have to testify on stand to present evidence at probation/revocation hearing.
- At that point our conversation ascended to a verbal argument witnessed by all parties.
- I loudly ask why did I have to testify in order to introduce legal documents to the court.
- Mr. Blume stated that he needed someone on stand to reiterate...
- I argued that testifying Police Officer Danny Turner was just on stand & the documentary evidence was mostly legal documents provided by witness Danny Turner to the U.S. District Court as Initial Disclosure in federal civil suit #CV-14-P-1473-E.
- Mr. Blume stated that the hearing was not a trial.
- I then argued loudly he should have explained the rules of revocation prior to the hearing.
- Mr. Blume sternly silenced me & then requested that Judge Roberts withdraw him as counsel in upcoming appeal proceedings.
- Judge Robert grants Mr. Blume request & then immediately left the bench.
- District Attorney Logan Flowers then demanded that Judge Roberts make a ruling on my

- previous request for an appeal bond.
- Judge Roberts returned to the bench & denied my request for an appeal bond pending appeal of probation/revocation.
- I then asked Mr. Blume to enter the grounds I intended to argue at appeal hearing.
- Mr. Blume observed the written list of appeal grounds in my hand.
- Mr. Blume refused to enter any grounds for appeal & I was immediately transported back to Tusc. Co. Jail.
- On 12/5/15, I filed a motion pro se to dismiss attorney Gary Blume from any past, present, & future obligations in regards to representation.
  I also included a motion to appeal probation/revocation hearing.
  Furthermore, I enclosed a letter to Judge Roberts requesting a court order for Mr. Blume to return my documentary evidence so I can prepare for upcoming hearings. No reply has been received.
- I conclude that all parties deprived me of liberty & due process of law, allowing evidence obtained illegally to be used against me due to the denial of effective counsel & to present evidence & witnesses in my favor via personal involvement & by knowledge & acquiescence.
- At this time I have still not received my documents.

- That evidence showed that K-9 officer Kevin Turley was off duty at the time of the search.

More likely than not arresting officer Danny Turner was not a sworn police officer at time of arrest.

Police narcotic detecting K-9 was not properly certified at the time of incident, etc.,.

The plaintiff would like to request reply from the defendant, et. al.